Filed 12/20/22  P. v. Moss CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>AMY ELIZABETH MOSS,<br><br>       Defendant and Appellant. | B321818<br><br>(Los Angeles County<br>Super. Ct. No. BA140311) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

Amy Elizabeth Moss, in pro. per.; Richard B. Lennon and Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Amy Elizabeth Moss appeals the trial court's order denying her petition for vacatur of her murder conviction and resentencing under former Penal Code[1] section 1170.95 (now § 1172.6)[2] for failure to make a prima facie showing of eligibility.

In 1998, the jury found Moss guilty of second degree murder (§ 187, subd. (a)), and two counts of attempted voluntary manslaughter (§§ 192, subd. (a), 664). The jury found true the allegation that Moss personally used a firearm in the commission of the offenses (§ 12022.5, subd. (a)), and personally inflicted great bodily injury in the commission of one of the attempted voluntary manslaughter counts (§ 12022.7). The trial court sentenced Moss to 29 years to life in prison.

Moss filed a petition for resentencing pursuant to section 1172.6 on January 6, 2022. The People filed an opposition to the petition on May 12, 2022, attaching the Court of Appeal's prior opinion and the jury instructions given by the trial court. The court appointed counsel and held a hearing on the matter. The court found Moss prima facie ineligible for relief because she was tried as the actual shooter, and not as an aider and abettor under either a natural and probable consequences or felony murder theory of liability. Moss timely appealed.

We appointed counsel. After reviewing the record, counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On November 1, 2022, we advised Moss that she

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

2

had 30 days to submit any contentions or issues she wished us to consider. On December 5, 2022, Moss filed a request to file a late supplemental brief. We granted her request.

In her supplemental briefing, Moss first highlights her good behavior and efforts at reform during the 26 years she has been incarcerated, including participation in educational programming, mentoring young inmates, and volunteering in community activities. She cites immaturity and mental health issues as factors that contributed to her choice to engage in criminal activities, and emphasizes that she has matured and addressed her mental health problems with therapy and positive lifestyle choices. We commend Moss's efforts at reform, but we cannot find her eligible for resentencing on that basis. Section 1172.6 was drafted to address disparities in the culpability of perpetrators and direct aiders and abettors on the one hand, and defendants who were tried as aiders and abettors under a theory of vicarious liability on the other. The record before us demonstrates that Moss was tried as a perpetrator—there were no instructions given on aiding and abetting or on liability under the natural and probable consequences doctrine or the felony murder theory. She is therefore ineligible for relief under the statute.

Moss further contends that the jury was misinstructed. We reject this contention as well. Section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.) Any issues regarding instructional error were or could have been raised on direct appeal, and have long since been rejected or waived.

3

Finally, Moss states "[t]here is also a new law that helps resentence under trauma, domestic partnership [*sic*] and mental health," which she believes applies in her case. Section 1172.6, however, does not permit resentencing on the basis of mental illness, domestic violence, or trauma.

Counsel requested that we conduct an independent review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436. Although it is unclear whether this court has an obligation to conduct an independent review under these circumstances (see *People v. Cole* (2020) 52 Cal.App.5th 1023), we have examined the entire record and are satisfied that no arguable issues exist.

## DISPOSITION

We affirm the trial court's order.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


RUBIN, P. J.


BAKER, J.

4